IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WILLIAMS, | § § | |
| Petitioner, | § § | |
| VS. | § § | Civil Action No. 3:01-CV-474-P |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division | § § § § § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Petitioner Jeremy Williams's April 16, 2012 motion to alter or amend pursuant to Rule 60(b)(6) is construed as a successive habeas petition and is transferred to United States Court of Appeals for the Fifth Circuit for appropriate action.

I

Williams was convicted of capital murder and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Williams v. State*, No. 05-97-00206-CR, 1998 WL 908861 (Tex. App.– Dallas, Dec. 31, 1998, pet.ref'd). Petitioner has filed five applications for writ of habeas corpus in state court. The first application was denied without written order on the findings of the trial court. *Ex parte Williams*, WR-48, 164-01 (Tex. Crim. App. Feb. 28, 2001). The other four applications were dismissed for abuse of the writ. *Ex parte Williams*, WR-48,164-03 (Tex. Crim. App. Apr. 5, 2006), WR-48,164-05 (Tex. Crim. App. Aug. 15, 2007), WR-48,164-08 (Tex. Crim. App. Jul. 27, 2011) & WR-48,164-09 (Tex. Crim. App. Mar. 7, 2012). He has also filed four motions for leave to file writ of mandamus, which have all

been denied. *See Ex parte Williams*, WR-48,164-02 (Tex. Crim. App. Dec. 3, 2003), WR-48,164-04 (Tex. Crim. App. Mar. 28, 2007), WR-48,164-06 (Tex. Crim. App. Jun. 11, 2008) & WR-48,164-07 (Tex. Crim. App. Oct. 22, 2008). Motions for post-conviction DNA testing and for a new trial have also been denied. *See Williams v. State*, No. 05-04-00269-CR, 2005 WL 3417644 (Tex. App.– Dallas, Dec. 14, 2005); *Williams v. State*, No. 05-08-00983-CR, 2008 WL 2971990 (Tex. App. – Dallas, Aug. 5, 2008).

Petitioner has also filed a petition for federal habeas relief. In that action, Williams raised six grounds for relief, generally alleging that: (1) the evidence was insufficient to support his conviction; (2) the prosecutor withheld exculpatory evidence; (3) he received ineffective assistance of counsel; and (4) he was not permitted to attend a hearing on the state's motion to amend the indictment. His application for habeas relief was denied. *See Williams v. Johnson*, No. 3:01-CV-474-P, 2001 WL 1326449 (N.D. Tex. Oct. 15, 2001). Undeterred, Williams now returns to federal court. He seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, claiming that he is actually innocent, the jury instructions were deficient, the trial judge had no authority to preside over the case, and the Court of Criminal Appeals has violated his due process rights by barring him from filing successive habeas writs. For the reasons set forth below, his motion is construed as a successive habeas petition and transferred to the Fifth Circuit Court of Appeals.

II

Under Rule 60(b), a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court

may also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (*quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

However, it is well-settled in this circuit that "Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'" *Hess*, 281 F.3d at 214 (*quoting Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999)). In the instant motion, Williams seeks relief under Rule 60(b)(6) in order to revisit the denial of his 2001 application for habeas relief or otherwise error related to his conviction and sentence. Insofar as the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Williams's allegations. *See* 28 U.S.C. § 2244(b).

Even if William's Rule 60(b) motion is not treated as a subsequent petition, he has not shown he is entitled to relief. *See Hess*, 281 F.3d at 214-15 ("While nothing on their face suggests that Rule 60(b) motions are to be seen as anything other than successive petitions, we need not decide here whether there are no circumstances under which they would not be, because relief under Rule 60(b) is, in any event, unavailable to Hess"). Williams raises allegations of error that were either raised in his earlier state and federal habeas applications, or that were available to him on direct and collateral review. He has utterly failed to set forth any "extraordinary circumstances" to justify relief.

III.

Accordingly, petitioner's Rule 60(b)(6) motion is construed as an application for writ of habeas corpus and is transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of Court directed to open, for statistical purposes, a new civil action (nature of suit 510 -- motion to vacate, set aside, or correct sentence -- assigned to the same district judge and magistrate judge) and to close the same on the basis of this order.

SO ORDERED.

May 7, 2012.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE